Mr. Moyer you may proceed or I'm sorry Mr. Nelson you may proceed for the appellant. Let's start with would you like to reserve time? Yes your honors. Good morning your honors. Matthew Nelson on behalf of Trustee Moyer and I'd like to reserve four minutes for rebuttal if you don't mind.  Very good. May it please the court. The trustee here is extremely empathetic to the effect that that a reversal here could have on this elderly couple but the trustees statutory duty is of course to ensure equitable distribution of assets to all similarly situated creditors many of whom are just as old and just and lost comparable portions of their life savings as the plaintiff as the defendants here. The couple here should not be rewarded for winning the race to the courthouse. Indeed the bankruptcy code is designed to prevent races to the courthouse to dismember financially struggling debtors. Here Rogers and Stephen got back more than their original investment. But didn't you get that back? I mean you're talking about the $23,000 that you recovered? Well they received we received back the $23,000 they got an additional $50,000 from the estate of Shawn Wehra after the fact but the the simple fact of the principal back the other 35 or so similarly situated creditors did not. So the result of just the trustee not liking the court's factual findings? No your honor I don't think so. I think this is a situation where the bankruptcy court applied a test a good-faith test that was entirely subjective and the test that has to be applied has both a subjective and an objective component. The court didn't apply the objective component of the test and therefore reached a result that's it that's at odds with a binding precedent well excuse me precedent from both the bankruptcy courts in this circuit and the precedent in the circuits throughout the country. If here we think it's clear that the the couple here was on notice of facts that would cause a reasonable person to have inquired further with the suspicion that this was in fact a Ponzi scheme and that other creditors were being defrauded. Isn't that determination itself a factual finding that is subject to the standard of review of clear error? The court didn't make a factual finding with regard to the facts as to whether these individuals had knowledge that put them on inquiry notice. Instead the court made factual findings with regard to the fact that they didn't have actual knowledge and they didn't have actual suspicions. Those are both subjective determinations. It's not a determination as to whether the facts that were known to these defendants. Well did they really not know much? These are two very old people who you know and Stephen was if almost non compass menace during most of this process at least the evidence suggests that certainly it's not erroneous for the judge to determine that. Should we make a distinction between Rogers and Stevens as far as knowledge? No your honor because this the art of the the inquiry notice portion of the analysis of good faith is objective. It's a reasonable person standard. It's not subjective and limited by the mental capacity of these two individuals. So if you're focusing on the transfers by them into to the alleged Ponzi scheme but this what matters is the settlement money. 450,000 of that came some real from real estate that there's no tie to the Ponzi scheme. So your honor I would say first of all I want to correct if I may the the assumption here we are we acknowledge that they acted in good faith when they invested in this scheme. They were they were duped as were the other 35 predators but it's when they took the money out at the end that they were unreasonable they had they had knowledge of facts that put them on reasonable notice that both there was fraudulent intent in terms of continuing the operation of this Ponzi scheme and that Wedgwood properties was insolvent. So they were supposed to assume it came from a Ponzi scheme even though in fact the bulk of the money didn't come from the other investors that came from some real estate. Well your honor the the the Wedgwood properties in a Ponzi scheme situation in the absence of investigation to verify this further the assumption is that all of them all of the assets are the result of the Ponzi scheme and other creditors had interest in that same property that was used for the purpose of paying these creditors off. I thought there was a factual finding that the investor money couldn't be traced to the real estate. Well even if even if they even if the court were to accept that is true the fact of the matter is that they were on reasonable notice also the insolvency of Wedgwood properties that the fact of the turning this subjective intent with an analysis of factors that would put a reasonable personal notice aren't you turning that into a pure inquiry notice with your argument if you still have the subjective intent piece right? Well there's the subject so the subjective intent part of this as explained I think probably best in the Seventh Circuit's decision in let me just make sure I get the case name right here in In re Sentinel property management the court there explains that there is both an objective and subjective part of this the the subjective part of this is did you have actual knowledge and did you what did you know what did you actually know so yes if you have a subjective bad intents because you know that you're receiving money that's been taken from other creditors absolutely you're not acting in bad faith but you're all you're not acting in good faith but you're also not acting in good faith if you subjectively have knowledge of facts that would cause a reasonable person to say boy I think that there's there's a there's a scheme here that's going to be defrauding other people I need to make sure I need to look into this further I need to do further diligent inquiry let's look at the trial at the trial courts factual rulings here and I'm reading from page 49 she testified that it never occurred to her that the settlement payments came from other investors money or that Wedgwood was insolvent she can hardly be faulted for this as a majority of the money paid under the settlement agreement came from the sale of the Caledonian farm property and not from other investors funds that's a factual finding correct of the first piece of it oh of what of the subjective intent piece of it and with regard to her own understanding of the facts that did not lead her to get really you only win here if we find that the trial court erred in not concluding that attorney Foster had knowledge that is inquiry notice that should have should be imputed to these two defendants isn't that right I I don't think that's right but I do think we win based on the imputation of attorney Foster's knowledge back to his clients didn't he make a distinction as far as the between the $50,000 where he had some pretty specific facts that that money was distributed as part of a that were you know a separate type of fraud the attorney Foster made that distinction in his in his briefing yes that there was a that he believed there was a Ponzi scheme and in fact it had the hallmark of a that was back in 2013 that was back and then he had the Lara situation where apparently that was you know whatever they were doing was was subject to regulation etc and then there was the later investments so your honor there's there are two hallmarks of a Ponzi scheme there's not just the the using the money from other investors to provide inflated returns or to pay back for earlier investors there's also the using of the use of the funds right for the purposes of enhancing the lifestyle and to benefit the fraudster Charles Ponzi in that case you have just the second one that's not a Ponzi scheme it's not a Ponzi that's just wrong when you have both of them together you have a Ponzi scheme and here the district here the bank why didn't you break out the $50,000 and seek to have that back as not being you know as them having knowledge that that was part of a Ponzi scheme you decided to go all or nothing and now you it seems like you've got regrets your honor I we don't have regrets in terms of the fact that we believe that the district courts or excuse me the bankruptcy courts conclusion that this was a Ponzi scheme applies across the board so which which of the wood properties was a fraudulent as it was a Ponzi scheme it the entire entity was always for the purposes of for all relevant since from the moment that it would the investments of these these defendants were made no there's no ability to have a reasonable distinct your decision that it points it was a Ponzi scheme and it points it wasn't a Ponzi scheme well that wasn't the finding of the bankruptcy court here that certainly wasn't the argument that was made below and well that's that's part of the problem here is that we have the party presentation principle here and you decided how this would be done as one lump sum and not breaking things out other than the separate issue involving the preferences or the preference correct your honor we've we've if you look at the totality of the circumstances you will we say or excuse me the bankruptcy court concluded that this was a Ponzi scheme that has not been challenged so applying the party presentation principle the entirety of Wedgwood properties for all the relevant time here was a Ponzi scheme that's the presumption that's that's in effect that presumption has not been challenged so the question is was were they in good faith when they receive the payments and we say that based on the objective portion of the hybrid test the answers no because they were aware of the fact that it was a Ponzi scheme because mr. Foster testified that as he's never known a Ponzi scheme to end that they always continue in fact that's what happened here that's what the record actually shows and consequently the assets that were taken here even with regard to the say that Foster says that Ponzi schemes never end until the money runs out there's a there's a footnote in our brief in our opening brief I think that that cites the the testimony from the deposition but is that imputing Foster's legal skills and knowledge not those of a reasonable person to his principles your honor I suppose there's a there could be a question as to what does a reasonable person know with regard to to how Ponzi schemes operate but the the fact of the matter is the here the court concluded it was a Ponzi scheme and court concluded as a fact again subject to your error the court finds as a matter of fact that attorney Foster did not have actual knowledge that Wedgewood was a Ponzi scheme so notwithstanding the court concluding it was a Ponzi scheme he also concluded as a matter of fact that attorney Foster did not have actual knowledge that it was but again for purposes of what gets imputed back to the principles it's not the question isn't whether attorney Foster had actual knowledge it's whether a reasonable person knowing what attorney Foster knew would reach the conclusion this could be a Ponzi scheme but it would put him on inquiry notice and here I don't know how the percent that it could be a Ponzi I mean what do you say I mean just do they I'm having trouble with the idea that that any suspicion you know that there's a Ponzi scheme means there's no good faith how much certainty do we need well so your honor in terms of what level of certainty if you go back and look at the Sentinel management case from the Seventh Circuit the Seventh Circuit said the mere suspicion by the mere suspicions raised by a bank employee were sufficient a bank officer were sufficient but here we're not even close to that we have a situation where this isn't that involve a sophisticated investor or sophisticated party in a bank rather than two old people it does involve a bank here we have here we have the bank's agent there was that officer here the bank's agent is a sophisticated fraud attorney who thought he had a sufficient factual basis to allege that this was a Ponzi scheme not once not twice but four times in considerable detail to the fourth to the to the court so if a lawyer violated rule 11 and pledged something there was no factual basis for that would never let nevertheless be imputed to that lawyers client as having knowledge that there was something that the lawyer had no basis for knowing no your honor I think that would be outside the scope I think that would arguably be outside the scope of the agency here there's no question he had an adequate factual basis for it was in fact true but the court concluded as a matter of fact that it was mere legal posturing no I think that's what the court concluded as a matter of fact I may be wrong but I believe what the court concluded as a matter of fact was that he didn't have actual knowledge the first time he said it and that the second time and or at any that that throughout the the time he he affirmed attorney Foster's he he accepted attorneys Foster's affirmation that he didn't have actual knowledge that it was conjecture or puffing as Foster said so that was the evidence that the trial court relied on to determine that Foster didn't have actual knowledge of the Ponzi scheme that is part of the evidence your honor attorney Foster made different representations with regard to different assertions of the Ponzi scheme the trial judge and findings of fact is able to parse through that and reach a factual conclusion where's the clear error in that well your honor I would say that the clear error is in the fact that the judge's conclusion essentially requires the assumption that mr. Foster was acting unethically in the state court proceeding okay so that that would be where is there where is there so in this opinion with regard to fact-finding on that topic so again your honor I don't believe we have to get to clear error because it's a reasonable inquiry standard and based on what he knew the facts he actually knew which he alleged in the complaint but were based on documents and he hasn't said that I made this up the actual documents show the hallmark of a Ponzi scheme the payment of the funds to other credit to other investors and the the looting of the of the remaining investments for the purposes of advancing his own interests but with regard to if we if the court were to look for clear error the substantial weight of the evidence here is not only did he make the allegations that this was a Ponzi scheme over and over and over again but in fact it was a Ponzi scheme as the bankruptcy court itself found so to then say after all of that I'm going to credit the attorney who's now been sued also so he said this as a defendant in the action that I didn't actually know this it was just puffery I was just trying to pressure them that does such that I think if I understand your argument right that anytime there is an actual Ponzi scheme there can never be good faith no your honor I think there can be good faith and in fact I think there was another creditor in this case who who did who did obtain their funds back who had no knowledge of the fact that it was a Ponzi scheme they received their funds back simply by saying hey what's going on you know you don't seem to be doing what you need to be doing and there was no evidence that they had that they were on inquiry notice asked the fact that there was a Ponzi schemes the question becomes if there's a Ponzi scheme did the person who received their funds back were they unreasonable were they on inquiry notice such that a reasonable person would inquire further if the answer that question is no or if they conduct a diligent inquiry and they find no evidence of a Ponzi scheme there's good faith that's a factual finding that's a factual finding but that factual finding was not made here the factual findings that were made here were limited to subjectively did these individuals have actual knowledge or actual suspicions and it's not a subjective standards is an objective standard but let's before we were well over time here yes you wanted to go to the garnishment issue a minute or at least ask one question about the preference piece of it on the garnishment your your approach seems to be that if there wasn't wasn't technical compliance with the way you serve in the same way as you wait you serve complaints then actual notice doesn't really matter but there isn't there a distinction under Michigan law between periodic versus non-periodic garnishments in terms of the way that the courts interpret the sort of technical requirement and you've got a different statute different rule that applies with non-periodic versus periodic and and the cases seem to say that on the non-periodic garnishment it's all about actual notice basically whereas under the the separate I guess it's statute dealing with periodic notice it says a garnishment of periodic payments or a notice of failure is not valid or enforceable unless the garnishment is served on the garnishee in accordance with Michigan court rules that language is not in the provision that deals with non-periodic payments and the cases on the non-periodic payments seem to focus on the actual notice and due process I mean I didn't see any distinction being made in your brief between the two your honor I'm not aware of that distinction so I'll have to to to plead ignorance here I also don't believe that it was raised in terms of the arguments that were presented but with regard to if notices if service was required according to the court rules it didn't happen here and really that second time when the bank acknowledged it three days later your position is even that doesn't matter because it was never served I thought your I thought your brief kind of acknowledged that service was complete then outside within the 90 days at that time well at that time there's there's two ways to look at it your honor and we've been preparing for this argument I've sort of muddled through both of them the the the first is that they accepted serve that that demonstrates they accepted service and that's going to be sufficient that's the alternative is that the lien the that a garnishment lien didn't truly attach here period but the a judgment creditor a hypothetical judgment lien creditor could not obtain a superior interest after the funds were transferred for purposes of the preference analysis if service is required according to the court rules it doesn't matter whether it's the 17th or a few days later because the preference period started on the 17th thank you for the for indulging my long-windedness we were long-winded on question we still have your four minutes you good morning morning um I'm Scott Smith I represent Connie Rogers and William the my my oh before we get started I want to thank you for indulging my knee procedure and I appreciate that it still hurts a little but getting to the getting to the point in essence the appellant wants to redefine the standard which it's a law of the Sixth Circuit that use the hybrid serve of standard as defined in the two teleservices cases and so that has the subjective element an objective element the subjective element goes to actual knowledge and did my at the time 86 year old client miss Rogers who was not cognitively impaired um and my almost 90 year old client mr. Steven who the judge almost totally discarded his testimony it was obvious to him that he had at the time not only during the trial but at the time these transactions occurred that he was cognitively and auditorily defective had problems and he wasn't capable capable of actually having actual knowledge and the good-faith defense goes to what the transfer ease what what their state of mind was what they know and more importantly the good faith to fit that element of what they actually not new triggers the objective component the appellant wants to they want to redefine the standard they they they the cases a site basically are not Sixth and they're dependent on the objective standard mr. Smith I want to ask a question that I think goes to the heart of the trustees argument here I think okay when the judge held as a matter of fact the mr. Foster attorney Foster did not have actual knowledge of the Ponzi scheme was that the adequate inquiry for the reasonable inquiry notice piece was it required that Foster have actual knowledge or that he have sufficient suspicion to put a reasonable person on inquiry notice and that that would be imputed to his clients well his finding was that mr. Foster did not have actual knowledge right but mr. Foster's knowledge would be imputed to his clients you agree with that I know that there was an issue and without and the judge spent a couple pages on his talking about cases of about whether it was proper to impute the knowledge and he took my to paraphrase him he was you know in certain instances you cannot you should not impute knowledge from a an agent to a principal in certain cases and I cited three cases but he said there he said the inquiry could go further that you know the cases had to do with you know if a wife knew that uh her husband lied on a insurance policy they weren't directly on point um but and then there's a bankruptcy case from the Western District of Michigan where they said the individual was in a different context which they pointed out in their briefing but it said that you you know you if you have to take in consideration the individual you're dealing with you know and in that case the person was unsophisticated and didn't have much contact if the main case they rely on is a Texas case which is no precedent that said that an LLC's manager the way I take it was yeah you could impute their knowledge to all the investors and and I say that's a different situation I mean most of the sophisticated but the rub here is that what so we have this clear error standard on findings of fact and that's very high standard of review right so my concern is did the bankruptcy judge in finding that there was no actual knowledge of a Ponzi scheme to impute was that yeah that was at the end of the inquiry or should the judge have said attorney Foster while not no while not having actual knowledge of a Ponzi scheme had actual knowledge of red flags and that the knowledge of those red flags should be imputed to your clients well I think he I think he rightly concluded from reading his deposition testimony and also unfortunately mr. Foster who I I knew but my perception to him wouldn't be relevant to this record but the judge he had appeared in front of judge Boyd and he was a defendant so judge Boyd did have some opportunity to you know check the his demeanor and his character and from reading the transcript the judge I don't I don't think they can meet the standard that it was clear error that Foster didn't have a better point is wait mr. the judge found that mr. Foster had no actual knowledge of the Ponzi scheme and a better point is is that mr. Foster never raised the Michigan security regulators which he called Laura that there was a security proceeding to determine the insolvency to this to determine you know and they issued an order that certain people should not be investors and if you just followed their order most of this money wouldn't have even been invested so if the security regulators and they were mr. Wera who was the principal of the debtor who also died just getting like the Stern case everyone's hopefully me and mr. Nelson and these fine men survivors but um the they there was no mr. Foster didn't even know there's nothing in the record of the state court proceedings that he even knew about that and if the security people couldn't find that there was any risk of insolvency and there was also a financial statement submitted to Laura that seemed to indicate that they were solvent so mr. Foster didn't really know that they were a Ponzi scheme and the judge found that he was a posture and a puffer and I can say from what I know that he really didn't have that much expertise and Ponzi schemes so I cannot I don't think anyone can reach the fact that his finding that mr. Foster didn't have actual knowledge was clearly erroneous and certainly no one's doubting that my clients had any actual knowledge of it I'm asking is finding that he didn't have actual knowledge that it's a Ponzi scheme was that the was that the standard for the trial court was that enough shouldn't the trial court also have found if the trial court was going to find good faith shouldn't the trial court have addressed mr. Foster's his whatever knowledge he had and whether it raised red flags such that that knowledge and those red flags if they're separate aside from his legal skills like they've got to be reasonable person I think in some way is that imputed to your client so the judge said he didn't have actual knowledge but was that the right standard for the for the imputed knowledge question I I would respond to that by saying the standard is triggered by what your subjective knowledge is the judge focused when he analyzed mr. Foster mr. Foster's testimony that the essence of mr. Foster's representation was to I have a the judge this is what the judge says whatever I think there's a highlight of what his conclusion is defendants money he says he says these documents demonstrate the attorney Foster's primary concern which was communicated and shared by Foster was that where had stolen the defendants money and transferred it overseas whatever Foster may have suspected about Wedgwood's operation there's no evidence that he knew it was a Ponzi scheme under the circumstances there's no actual knowledge of the scheme that can be imputed to defendants to undermine the court's previous determination that they accepted to transfers from which would in good faith but let me ask a variation of what Bob Knight was just asking the judge the trial judge said he was applying the hybrid test which generally looks to the subjective intent of the transferee in light of objective factors such as knowledge of presence of badges of fraud and so forth so the judge said he was using a hybrid test but following up on the earlier question we're in the ruling do we see that it's that he really used the hybrid test in other words he made several comments including what you just read about actual knowledge but do we have in sufficient indication that he did it in light of objective factors which is the standard he claimed to be using I mean in other words we there's several sentences in the ruling that deal with the subjective part as it relates to Foster but any judge said he was using a test that would look at that in the context of subjective I mean objective factors but what can you point to that shows that he actually did that I mean I don't I mean you it you have to like look at everything Foster did in in their case for in context I he said that he didn't know Foster testified that it wasn't a he didn't know it was a Ponzi scheme he said he only used the word to the term was to give it pizzazz or sexiness or whatever to manipulate the other attorney I I suppose if you're gonna create create law based on the advocacy of attorneys and how they say statements without foundation that you know a lot of attorneys could have red flags of a lot of things but I don't think there was evidence that he knew what should a reasonable attorney he was focused on recovering their money the other problem with reversing this it would be bad law you have people who are totally innocent just pursuing their rights in the state court system well we often have innocents who if they ignore the red flags then the court could easily find that they're not acting under in good faith under this hybrid standard and they could be innocent but on reasonable inquiry notice to inform their actual knowledge my understanding I'm sure your expertise far exceeds mine is that the flags goes to whether you think the transfer or the debtor wasn't solvent that's one of the basic things that triggers the red flags if you had no reason if he made further inquiries but there's evidence in the record that there was a financial statement that showed they were solvent they there was a contemporaneous proceeding that was going on which I referenced by the state securities people if the state securities people didn't know they were solvent or a Ponzi scheme and allow them in some limited sense to continue business how how is how is foster to know more than they did and certainly my clients didn't but that doesn't seem the issue right here so we're out of time here and I think I think you've answered the question so is there any other questions that we need to have put before thank you okay thank you it's bad to come back to the podium with more than you were more than you went with at the first time but my apologies your honors I'd like to to try to hit a few points in in quick succession here subject of course to your questions with regard to the questions earlier with regard to the specifically the Caledonia farm I want to point out the Caledonia farm was not the sole source of the funds here in fact the trial court made a determination on pages 23 to 24 that $100,000 came from two other creditors so $100,000 of these funds came from two other creditors that was certainly part of the Ponzi scheme it is not our burden of proof to uphold the affirmative defense so if there was going to be an argument to divide these to make a distinction between these funds that would have been on the other side to have raised that issue not on us with regard to with regard to the Caledonia property all the credit is the the fraud that was perpetrated on these particular individuals was the same as was perpetrated on other creditors anyone who received the private placement memo received an interest in that same Caledonia property that was sold solely for the benefit of the individuals here as well so there is there is an overlap there with regard to Mr. Foster's knowledge what Mr. Foster said and this is on page 21 of the district of the bankruptcy courts opinion he explained that Wedgwood may have been a Ponzi scheme as to other investors but he didn't think he said there was no evidence it was as to Rogers and Steven despite the fact that he had the bank account statement showing that the $50,000 payment had been spun out to other investors but ultimately it doesn't matter whether he thought there was a Ponzi scheme as to these defendants because if he thought there was a Ponzi scheme as to other investors that would put a reasonable person on notice that boy maybe the funds that I'm getting are coming from other defrauded individuals furthermore is that is that the knowledge that we're specifically looking to take it from good faith to bad faith is knowledge that the money's come from other investors is that's the that's that's the sole issue here no your honor I believe actually the the the issue when you get down to what is it inquiry notice of it's either insolvency or that the transfers are made with an intent to defraud which is the Ponzi scheme presumption here but the the intent to defraud and so the fact that they came from other predators that would show an intent to defraud the fact that they were intended to allow the Ponzi scheme to continue that would also be sufficient so there's a range of facts that that could or a range of suspicions that could result in that knowledge of intent to defraud but when you state the test more broadly it's it's a knowledge of the transfer or intent fraudulent intent transfer or is intent as it relates to the settlement funds but you seem to be saying that if you had inquiry notice several years before that original money may have gone into a Ponzi scheme basically you can never accept settlement money because your own inquiry that maybe it's possible even years later that the settlement money might have come from the Ponzi scheme so you can never you can really never settle a Ponzi scheme case I think it becomes very difficult to take funds from a an individual where you have read where you're on reasonable notice of the fact of facts giving rise to to the belief that this is a Ponzi scheme right that would put a reasonable person on knowledge that the settlement money is coming from a Ponzi scheme or just that this person was engaged at some point in the past in a Ponzi scheme your honor it doesn't have I would say to answer the first part of your question it doesn't have to be knowledge that the funds themselves came from a Ponzi scheme they can all it can also be reasonable suspicion that the funds are that the payment is being made for the purposes of concealing the continuation of the Ponzi scheme that would also be a transfer with fraudulent intent but with regard to to specifically the question of what happens if you know years ago your money was used in a Ponzi scheme you have a duty of diligent inquiry and if your diligent inquiry doesn't doesn't result in uncovering you know facts to conclude that in fact the fraud has occurred then the third step of the analysis is would a reasonable investigation have done so here are reasonable investigation reasonable and on and whose behalf I mean I mean why would foster have cared to spend his clients money on an exhaustive investigation that didn't I mean the state of Michigan didn't find it until later you know how far do you have to go well you have to go a distance that's reasonable for a law-abiding person that's the idea here is a law-abiding person sitting in the shoes of both Mr. Foster and his clients is going to say I want my money back but I only want my money back if I'm not if I'm not helping to defraud other people if I'm not causing other people to be defrauded as well if it's if basically you're stealing your robbing from Peter to pay me no I can't take that money that's bad faith I have a question about remedy for this appeal if we were to find if we were to accept your argument that the bankruptcy judge stopped short in his analysis by saying simply I find as a fact that attorney Foster didn't have actual knowledge of a Ponzi scheme but that's not enough that he also should have analyzed it from whether the facts of which Mr. Foster was aware would raise inquiry notice to a reasonable person is the remedy for us to remand it for the trial judge then to consider the facts and apply that piece weren't you're not asking us to reverse the find I mean you are asking us to reverse the finding in your papers but that's not the right remedy is it if we were to buy your argument your honors we we admit that yes you can remand for further proceedings we believe that on this record as a matter of law the the inquiry notice standard has been met there is enough facts in this record to put it any responding those facts would it not it but in the same way that if this was a jury trial and we came to this court on a motion for judgment notwithstanding the verdict this court would apply a similar standard to say okay the law was applied Ryan but on the facts of this entire record we can say that no reasonable person would come to the other conclusion we believe we're at that point here the court can of course I'll acknowledge the court can remand but the reason that we asked for for reversal here is with a with an order to enter judgment in favor of the trustee as we believe that as a matter of law we've met the the requirement here with regard to inquiry and this law here is the the Ponzi scheme presumption correct well no your honor I think the Ponzi scheme scheme presumption is not being challenged at all in this case I think the the question here the issue of law here is is on the facts that are presented here could a reasonable person conclude that the defendants were not on inquiry notice and we believe the answer to that question the inquiry notice would have been that this was a Ponzi scheme and it does in you know you apply the Ponzi scheme presumption that basically it's always quote-unquote a loser it's always a situation where investors are losing because a Ponzi scheme involves inherently repaying new investors with old investors money I hesitate to say that that's what we're asking for your honor because I think the Ponzi scheme presumption has a technical meaning in bankruptcy law that that's not what we're we're suggesting here I think a reasonable person we're being told by his lawyer as both miss Rogers and mr. Stephen testified he was and I'll set aside mr. Stephen but miss Rogers received these pleadings it's where the attorney said this was a Ponzi scheme when you're told it's a Ponzi scheme it puts you on notice of the fact that there's a whole bunch of people being defrauded and even mr. Stephen in his with his limited capacity connected with this with the you asking us to find that miss miss Rogers absent imputation was on inquiry notice only because I mean I might have found that as a trial just but I'm not trial judge here and clearly judge Boyd weighed those facts and found that that she did not understand the various facts presented to her in a way that raised red flags for further investigation so the imputation is where you get is how you get there if you get there because he found as a fact and and I don't see clear error in that factual finding my concern and I think and am I stating correctly your argument that the trial judge stopped short of applying the right standard when he didn't go beyond what the actual knowledge of mr. Foster was for purposes of whether mr. Foster's knowledge and in fact I know that the judge said he in that last whatever he may suspected on page 54 the opinion it just jumped out at to me a minute ago whatever attorney Foster may have suspected about Wedgewood's operations and then he concludes that there's no knew it was a Ponzi scheme so am I stating your position correctly that the judge stopped short of applying the right standard by stopping it actual knowledge of Ponzi scheme and instead should have said whatever he may suspected did that create a reasonable inquiry obligation very with regard to the second part of your question very close your honor I think that the the distinction I would make is it's not what the the where the judge fell short by by assessing only actual knowledge and then not turning this to be an objective question with regard to what a reasonable person not mr. Foster a reasonable person knowing what mr. Foster knew which is imputed back to the defendants would that person then have had been on inquiry notice to say hey we need to look at this further and you're asking us to find that the record is clear that there was an inquiry notice of a reasonable part that obligation existed from these facts and not send it back to the bankruptcy court to apply that part B of the standard yes your honor will will accept a will accept a half a win as opposed to a full win but yes our preference would be would be to to reverse and remand if I may can I go back just a moment to miss Rogers because I think the bankruptcy and oh I'm sorry well before you do that I want to follow up on that line of question real quick you said just a little bit ago when you're talking about the remedy that we should basically ruling in your favor on the full amount but you also previously said if there was inquiry notice then how would when I asked how would someone ever accept a you said you would investigate further to see whether it really was coming out of the Ponzi scheme well if someone had investigated further they would have found that some chunk of this money came from real estate that there's no proof in the record came from the Ponzi scheme so how even if that had occurred could you have won on any money that came from this guy regardless of whether it was legitimate illegitimate came from investors or whatever you're are you saying that you just automatically win because there was a Ponzi scheme that affected some investors even if the money the settlement did not come from that so your honor I believe that a reasonable investigation here would show two things about the sources of the funds one that the hundred thousand dollars came from two other investors okay right so that's that's how do you win beyond a hundred thousand with regard to the Caledonia property a reasonable investigation would determine a fact that other investors had an interest in the had it had the same interest in that property that that that was basically sold by mr. Wira to the defendants here how would they have what's in the record to support that well if if they had if so it's not it what's what's not in the record so what's in the record is what the trustee here actually found out which was in fact that fact but what the what's not in the record is what they could have done because they didn't do it but what they if they had for example issued a discovery request to say who else does anyone else do any other investors have an interest in they just not respond to any of the discovery requests and when you don't get a discover response to a discovery request every reasonable attorney in that situation goes to court well I understand if you have hired an attorney and use and you are if you'd hired an attorney to litigate right in the attorney litigates and you don't get a response to a discovery request you file a motion to compel that wasn't done here that's what a reasonable person would do a reasonable person who is in litigation would ask their attorney what more can I do to get an answer to that and the answer would be file a motion to compel with the court they never filed a motion to compel you've got to keep going and keep spending your clients money in order to be doing your due diligence to follow up on these amorphous concerns that of the general public it seems pretty pretty strange way to get a case if you if you have a concern that the funds you're getting I'll use maybe a more homey anecdote one of the things I learned in my first year of law school of criminal law my criminal law professor said if you ever represent a drug dealer make sure you get paid from the proceeds of the sale of his mother's property I made a gendered that this right you got to know where your money's coming from because if you get the money from the drug dealer the government the federal government's going to go and freeze it right that that's what happens the same thing in this context where you're dealing with something that you have a suspicion is a Ponzi scheme yes you have to make sure you have to go several extra steps to ensure that the money you're getting is entirely clean because the issue here is you a reasonable law-abiding person does not want to get paid by money that's stolen from someone someone else and you owe a duty of good faith in that context I understand right there again you can't really accept a settlement unless there is clear evidence that it didn't come from the Ponzi scheme and if you haven't gotten responses to discovery you haven't gotten the right evidence then you just shouldn't take the money well you can take the judgment and then pursue the then pursue the the the the discovery post judgment you can go to the court and say I need to know where this is coming from because I need to make sure I'm not getting paid with painted fun so I I sympathize in terms of at the end of the day mr. Foster got a great result for these folks I understand and but the the problem is that he got the result for these folks getting money that was owed to all the other individuals who are similarly situated and they weren't in all of them were entitled to the same result and the happenstance here that mr. Foster and his clients won the race to the courthouse is the exact type of thing that the bankruptcy code is intended to prevent it's exactly the sort of thing fraudulent conveyance law is intended to prevent so basically for all practical purposes when a Ponzi scheme is involved you want to turn the standard essentially into the same as a preference action as opposed to a fraudulent transfer action you just lose if the money came from a Ponzi scheme regardless of time period no your honor I I disagree with that that approach number one I would lose if of course if that's what I'm arguing because the Second Circuit for example has in a well-reasoned decision rejected that sort of approach that's in the in Ray Bernie Madoff investment companies case but that's I don't that's not what I'm arguing here I'm arguing that it is much more difficult to accept the funds in that situation it's possible it's not possible in a preference context it's impossible it doesn't matter here it's possible it's just difficult very difficult with regard to one factual correction mr. Foster never appeared in the bankruptcy court in this case not as a he never appeared in the case yet so the judge never there was a representation made that mr. Foster that the judge was able the bankruptcy court judge was able to to see mr. Foster and assess his demeanor at some point during the case no I thought I thought understood generally that I thought he thought it was a different one ways that he had the context of knowing what type of lawyer what the reputation was those kinds of things whether that should be considered I was gonna say I don't think that should be considered I mean the judge made the discernment the credibility determination here off the the cold deposition but hey but the judge could have taken those things into account if he appeared in the courtroom you just can't take it into account if it appears on paper the way I've heard it explained your honor is the deference to credibility determinations is as a practical matter subject to a bit of a sliding scale if the the not as a matter of law but as a matter of reality the judge's ability the bankruptcy court judge's ability here to judge the credibility is based solely on the paper which makes it not different that makes that that decision not different than anyone else who's reading the deposition transcript as opposed to a situation where you're watching the witness testify for two or three days and you get to it to make those assessments ultimately we don't think that that matters here I was just seeking to to correct the the representation with regard to or the mistake that was that was made with regard to his presence in the courtroom here all right we concluded all right thank you your honors you the Sauber court is now adjourned